```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――――

**OLIN HOLDINGS LIMITED,**

                     **Petitioner,**          21-cv-4150 (JGK)

          - against -              **MEMORANDUM OPINION AND ORDER**

**STATE OF LIBYA,**

                     **Respondent.**

―――――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

       On May 25, 2018, an arbitral tribunal of the International Chamber of Commerce issued a final award in favor of the petitioner, Olin Holdings Limited, against the respondent, the State of Libya. ECF No. 1-7 at 1. The tribunal awarded the petitioner €18,225,000 in damages; $773,000 for the costs of arbitration; and €1,069,687.70 for general legal costs and expenses; as well as simple interest at the rate of 5% per annum from the date of the award until full payment. Id. at 7. On December 11, 2020, the petitioner brought an action in the Supreme Court of the State of New York to confirm the award, ECF No. 1-1, and the respondent removed the petition to this Court on May 10, 2021, ECF No. 1.

       On March 23, 2022, this Court issued an Order confirming the award. ECF No. 25. The Court entered its Amended Final Judgment on May 27, 2022, directing the respondent to pay the petitioner a total judgment of $27,760,340.26 and post-judgment

interest at the rate statutorily mandated by 28 U.S.C. § 1961. ECF No. 34. On July 12, 2023, the Court of Appeals for the Second Circuit affirmed this Court's Judgment. See ECF No. 46. Since the date of the Amended Final Judgment, the respondent has not made any payments to the petitioner. See ECF No. 37 at 2.

Before the Court is the petitioner's motion seeking entry of an Order pursuant to 28 U.S.C. § 1610(c), permitting the petitioner to seek an attachment or execution.[1] ECF Nos. 35-38.

The Foreign Sovereign Immunities Act requires the Court to determine "that a reasonable period of time has elapsed following the entry of judgment"[2] before ordering attachment or execution of a foreign state's property within the United States. 28 U.S.C. § 1610(c).

The statute does not define what constitutes a "reasonable period of time," but courts have considered factors such as "procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representations by the foreign state of steps being taken to satisfy the judgment; or any steps being taken to

---

[1] The petitioner also moved to register the Court's Judgment in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1963. See ECF No. 35 at 1. The Court denied this application for relief as moot, see ECF No. 48, in view of the petitioner's letter withdrawing that application, ECF No. 47.

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2

satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment." Sci. Applications Int'l Corp. v. Hellenic Republic, No. 18-mc-327, 2019 WL 1789641, at *2 (S.D.N.Y. Apr. 24, 2019) (citing Ferrostaal Metals Corp. v. S.S. Lash Pacifico, 652 F. Supp. 420, 423 (S.D.N.Y. 1987)).

A reasonable period of time has elapsed in this case. Though "the period of reasonable time will of course vary according to the nuances of each case," Ned Chartering & Trading, Inc. v. Republic of Pakistan, 130 F. Supp. 2d 64, 67 (D.D.C. 2001), courts in this District have found that eleven months, see Sci. Applications, 2019 WL 1789641, at *2-4, and seven months, see Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela, No. 18-cv-11940, 2021 WL 2168916, at *1-3 (S.D.N.Y. May 27, 2021), constituted a reasonable period. In this case, more than fifteen months have elapsed after the entry of the Judgment. Furthermore, the Judgment has been affirmed on appeal. Lastly, there are no considerations in this case that would make it unreasonable for the respondent to comply with the Judgment after fifteen months have elapsed.

The respondent argues that the Judgment should not be enforced until its proceedings in France challenging the award have terminated. This is an insufficient basis for delaying enforcement. The inquiry under Section 1610(c) -- whether a

3

reasonable period of time has passed since the judgment -- is not affected by whether the judgment may eventually be vacated. See Sci. Applications, 2019 WL 1789641, at *3-4 (citing Owens v. Republic of Sudan, 141 F. Supp. 3d 1, 4 (D.D.C. 2015)). In this case, the award has already been affirmed on appeal by the Court of Appeals for the Second Circuit. The result of the respondent's challenge to the award in France is completely speculative, and the effect of such a French ruling would have to be the subject of a future Federal Rule of Civil Procedure 60(b) motion for relief from the Judgment. A vacated award "does not automatically render the original judgment invalid; such a determination must wait until the Court has examined the merits of [a] Rule 60(b) motion." Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, No. 10-cv-5256, 2013 WL 1703873, at *2 (S.D.N.Y. Apr. 19, 2013). Should the respondent's proceedings in France result in a favorable outcome, the respondent would then have to file a Rule 60(b) motion to vacate the Judgment. The possibility of such a motion does not "preclude a § 1610(c) finding." Sci. Applications, 2019 WL 1789641, at *3.

The respondent also argues that the Judgment should not be enforced because amounts paid in satisfaction of the Judgment would not be recoverable should the respondent succeed in vacating the Judgment. As the petitioner correctly concedes, a

4

section 1610(c) order "does not make any determination as to the propriety of attachment or execution of any particular property." Agudas Chasidei Chabad of U.S. v. Russian Federation, 798 F. Supp. 2d 260, 270 (D.D.C. 2011); see also Owens v. Republic of Sudan, 141 F. Supp. 3d 1, 11 (D.D.C. 2015) ("[T]hese orders will not authorize the attachment or execution upon any particular property: plaintiffs must still convince a court with jurisdiction over specific assets that those assets are subject to attachment or execution under § 1610."). The respondent may assert any objections with respect to the attachment or execution of any specific property in subsequent proceedings.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, those arguments are either moot or without merit. For the foregoing reasons, the petitioner's motion is **granted**, and the Court will sign the petitioner's proposed Order. The Clerk is directed to close ECF No. 35.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 18, 2023**

                                           John G. Koeltl
                                   **United States District Judge**